IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JAMES SIRLS, | : |
| Plaintiff, | : : : |
| V. | : : NO. 4:23-cv-00204-CDL-MSH |
| MUSCOGEE COUNTY JAIL NURSES STAFF, | : : : : |
| Defendant. | : : |

## ORDER OF DISMISSAL

Plaintiff James Sirls, a detainee in the Muscogee County Jail in Columbus, Georgia, filed a 42 U.S.C. § 1983 civil rights complaint. Compl., ECF No. 1. Because Plaintiff did not pay the filing fee for a civil rights complaint or move for leave to proceed in this action *in forma pauperis*, he was ordered to either pay the fee or file a motion to proceed *in forma pauperis*. Order, ECF No. 3. Thereafter, Plaintiff filed a motion seeking release from the jail, to which he attached a grievance outlining the steps he had taken to try to get his account certification form filled out and signed by a jail official. Mot. for Release, ECF No. 7.

While recognizing that Plaintiff should not be punished for the inaction of jail officials, the United States Magistrate Judge noted that Plaintiff also had not completed and filed his portion of a motion for leave to proceed *in forma pauperis*. Order, ECF No. 8. Therefore, Plaintiff was ordered to fill out and submit a motion to proceed *in forma pauperis* supported by either a certified account statement or a written notice regarding the steps he had taken to obtain such a statement. *Id.* at 2. Plaintiff was given fourteen days

to submit his motion to proceed *in forma pauperis* and was cautioned that his failure to do so could result in the dismissal of this case.

More than fourteen days passed following entry of that order, during which Plaintiff did not file his motion to proceed *in forma pauperis* or otherwise respond to the order for him to do so.  As a result, Plaintiff was ordered to show cause why this case should not be dismissed for failure to comply with the previous order regarding the filing fee.  Order to Show Cause, ECF No. 9.  Plaintiff was given fourteen days to respond and was cautioned that his failure to do so would likely result in the dismissal of this action.  *Id.*

More than fourteen days have now passed since the order to show cause was entered, and Plaintiff has not responded to that order.  In that time, the order for Plaintiff to submit his motion to proceed *in forma pauperis* (ECF No. 8) was returned to this Court as undeliverable.  Mail Returned, ECF No. 10.  It is Plaintiff's responsibility to keep the Court informed as to his current address, and his failure to do so constitutes a failure to prosecute this case.  Moreover, insofar as the Court has no information as to Plaintiff's current whereabouts, this case cannot continue.

Therefore, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute this case, his complaint is now **DISMISSED WITHOUT PREJUDICE**.  See Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this **10th** day of **June, 2024**.

                                              S/Clay D. Land
                                              CLAY D. LAND
                                              U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA